**Donald WHITE, Plaintiff–Appellant,**

v.

**Sgt. MATTI, et al., Defendants–
Appellees.**

**No. 02–2761.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2002.*

Decided Dec. 20, 2002.

Before RIPPLE, KANNE, and
ROVNER, Circuit Judges.

## ORDER

Donald White, a prisoner in Wisconsin's supermax facility, sued fourteen prison officials under 42 U.S.C. § 1983 for use of excessive force, deliberate indifference to his medical needs, and retaliation. His claims arose out of three separate incidents that took place within just over a year: on February 1, 2000; June 23, 2000; and February 6, 2001. On November 16, 2001, the district court found that White had failed to state a claim of deliberate

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

indifference, and therefore denied White leave to proceed *in forma pauperis* against five of the defendants. Later, on March 25, 2002, the court observed that White had failed to timely exhaust his administrative remedies with respect to the first two of the alleged incidents, and accordingly dismissed the case against five more defendants. Finally, on June 12, 2002, the court granted summary judgment in favor of the four remaining defendants, having concluded that no excessive force had been used. White's appeal addresses both the court's order of dismissal and its grant of summary judgment, and we address each in turn.

■ In the Wisconsin prison system, an inmate who wishes to file an administrative complaint must do so within fourteen calendar days of the relevant incident. Wis. Admin. Code § DOC 310.09(3). If the complaint is rejected, the inmate then has ten calendar days to request a review of the decision. *Id.* § DOC 310.13(1).

The district court did not find that White had failed to exhaust his administrative remedies with respect to the February 2001 incident, so we discuss only the first two incidents here. White filed an administrative complaint within five days of the February 1 incident, on February 6, 2000. The complaint examiner returned the complaint to White with instructions to bring it to lower officials for a preliminary attempt at resolution. Instead, however, White filed a lawsuit in the district court, which the court dismissed on October 20 for failure to exhaust administrative remedies. By the time White revived his administrative complaint before the complaint examiner, nearly a year had passed since the original incident. The examiner therefore dismissed the complaint as untimely.

With respect to the June 23 incident, White's original administrative complaint was timely filed, but his appeal to the Department of Corrections was submitted a full two months after the complaint examiner had dismissed the case. The DOC therefore rejected the appeal as untimely.

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before bringing an action with respect to prison conditions. *See* 42 U.S.C.1997e(a). The district court determined that White had failed to exhaust his administrative remedies because his complaints were dismissed as untimely.

White claims that the timeliness of an administrative complaint is irrelevant to the question of exhaustion under the PLRA. But the district court is correct: "To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim.... [T]hese include time limits." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

White also points out that during the period in which he was filing his administrative complaints, he was restricted to using one piece of paper per day; he further claims that sometimes even that much was denied him. But he does not explain why this would have prevented him from filing his complaints and appeals on time. We believe that the district court has adequately addressed this argument. We therefore affirm the district court's order of partial dismissal.

■ Moving on to our analysis of the district court's grant of partial summary judgment, we first review the relevant facts: On the evening of February 6, 2001, prison officers delivered White's bedtime medication via a plastic delivery box inserted through a trap in the door of White's cell. White, believing that he should also have received a snack to accompany his medication, put his right arm into the trap and refused to remove it–a

violation of prison rules. He insists that he was merely attempting to get the officers to notify the unit sergeant of the dispute over the snack. According to White, the officers proceeded to beat his hand with the plastic medication box, causing lacerations, bruises, cuts, and swelling. He withdrew his hand only after a shift supervisor arrived on the scene. He then was required to swallow his medication without his snack and had to wait several hours before receiving treatment for his injuries, which consisted of "something for the pain and swelling." White argues that this constitutes excessive force.

We review a grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the nonmovant. *Outlaw v. Newkirk,* 259 F.3d 833, 836 (7th Cir.2001). Summary judgment is warranted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In order to be sustained, an Eighth Amendment claim of excessive force must involve force that is more than *de minimis*, or that is repugnant to the conscience of mankind. *Hudson v. McMillian,* 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Outlaw,* 259 F.3d at 839. If the force is more than *de minimis*, the primary issue is whether the force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm. *Hudson,* 503 U.S. at 7, 112 S.Ct. 995; *Outlaw,* 259 F.3d at 837. In this case, it is undisputed that White was reaching through the trap with his right

arm in violation of prison rules, and that he suffered lacerations, bruises, cuts, and swelling as a result. We agree with the district court that, because of the minor nature of these injuries and the proportionality of the force used to the threat posed, no reasonable jury could find that White was subjected to unnecessary force. *Cf. Outlaw,* 259 F.3d at 839–40 (no excessive force where the closing of cuffport door in response to prisoner's threat caused pain, swelling, and bruising of prisoner's hand). We therefore affirm the district court's order of summary judgment.[1]

AFFIRMED.

---

1. The appellees have asked us to "declare a strike" for purposes of 28 U.S.C. § 1915(g), based on procedural shortcomings in White's brief and weaknesses in White's argument. However, we find White's appeal to be nei-

ther frivolous nor malicious, and we therefore decline the appellees' request.

